UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

In re:
JONATHAN G. LANE                )
SS# XXX-XX-9124                 )
and                             )                 Bankruptcy Case No.
ELIZABETH A. LANE               )                 11-15842-SBB
SS# XXX-XX-2974                 )                 Chapter 7
Debtors.                        )
                                )

**ORDER GRANTING DEBTORS' MOTION FOR VOLUNTARY CONVERSION FROM CHAPTER 7 TO CHAPTER 13 BANKRUPTCY (DOCKET #15) AND DENYING AND OVERRULING TRUSTEE'S OBJECTION TO MOTION TO CONVERT (DOCKET #16**

THIS MATTER comes before the Court on May 2, 2011. The Court, having reviewed the Debtor's "Motion For Voluntary Conversion From Chapter 7 To Chapter 13 Bankruptcy," filed on May 2, 2011,[1] the Trustee's "Objection To Motion To Convert," filed on May 2, 2011,[2] and the Debtor's "Response To Trustee's Objection To Convert," filed on May 19, 2011,[3] and the within case file, makes the following findings of fact, conclusions of law and enters the following Order.

**I.      Facts**

The debtors, Jonathon and Elizabeth Lane ("Debtors"), filed for Chapter 7 relief on March 22, 2011. On May 2, 2011, pursuant to 11 U.S.C. § 706(a), FED.R.BANKR.P. 1017(f)(2), and L.B.R. 1017-1(a)(1), Debtors moved the Court for an Order approving a conversion of their case filed under Chapter 7 to a Chapter 13 case. Also on May 2, 2011, the Chapter 7 trustee, Stephen Peters ("Trustee"), filed an objection to Debtors' Motion to Convert.

Trustee argues that the Motion To Convert was filed in bad faith as a result of a conversation between Trustee and Debtors during the April 22, 2011 meeting of creditors. At the meeting, Co-Debtor Elizabeth Lane disclosed that she owned between 33%-50% of real estate located at 939 Washington Street, Denver, CO ("Real Estate"). The ownership of the Real Estate was disclosed prior to the 341 meeting.[4] Furthermore, the Co-Debtor disclosed that she

---

[1]     Docket #15.

[2]     Docket #16.

[3]     Docket #22.

[4]     In Co-Debtor's Schedule A it states that she has a 33% in the Real Estate with her value worth

(continued...)

had recently received an offer to buy the Real Estate which would create an approximate $43,666 value for the estate. Trustee alleges that when he advised Debtors of his intent to sell the property the Debtors were "surprised and distraught" because the Real Estate has sentimental value to the Debtors. Trustee claims that the Motion to Convert is simply an attempt by the Debtors to thwart the Trustee's intentions to sell the Real Estate. Additionally, Trustee argues that the conversion would fail the best interest of creditors test. Using the approximate $46,000 at least, which is the co-debtor's non exempt equity in the Real Estate that would be available in a Chapter 7 case, sale value of the real estate ($46,000) the Debtors would be required to pay approximately $700-$750 per month over a 60-month period. However, the Debtors current monthly income is approximately negative $514, thus, failing the best interest of creditors test.[5]

On May 19, 2011, Debtors filed a Response To Trustee's Objection To Convert with Affidavits. Debtors deny any bad faith motivation for moving to convert. Furthermore, Debtors' financial situation has improved since the § 341 creditors meeting. Debtor, Jonathon Lane, has received a new offer of employment that he believes will result in an increase of $1,000 per month from his previous income. Co-Debtor, Elizabeth Lane, has received a pay increase of approximately $300 per month. Debtors believe that their improved income will allow for a feasible Chapter 13 plan.

## II. Issues

The issues before the Court are:

a. Whether Debtors have the right to convert their Chapter 7 case to a Chapter 13 case pursuant to 11 U.S.C. § 706?

b. Whether Debtors' conduct in the current case rises to the level of misconduct that occurred in *Marrama* so as to preclude conversion?

## III. Discussion

### A. Statutory Right to Convert

11 U.S.C. § 706 states:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title....

---

[4](...continued)
$181,666.

[5] Debtors' Schedules I and J.

> (c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

Debtors comply with § 706(a) because the case has not previously been converted. Debtors comply with § 706(c) because Debtors are requesting the conversion. Debtors also comply with § 706(d) because Debtors pass the Chapter 13 restrictions specified in 11 U.S.C. § 109. Furthermore, the House and Senate Reports for § 706 state, "Subsection (a) of this section gives the debtor [the] one[-time] absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case." Adding, "[t]he policy of the provision is that the debtor should always be given the opportunity to repay his debts."[6]

### B. Bad Faith

However, courts have analyzed § 706(d) to require good faith since § 1307(c) provides that a Chapter 13 proceeding may be either dismissed or converted to a Chapter 7 proceeding "for cause."[7] "Bankruptcy courts routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words "for cause," and a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of bad faith is tantamount to a ruling that the individual does not qualify as a Chapter 13 debtor."[8] Debtor's conduct must be atypical to qualify as "bad faith" conduct sufficient to support dismissal of a Chapter 13 case or to deny conversion of case to Chapter 13 from Chapter 7.[9]

In *Marrama*, the court held that the Chapter 7 debtor forfeited his right to proceed under Chapter 13, via conversion of his case, by engaging in prepetition bad-faith conduct which established "cause" that would warrant dismissal or reconversion of his Chapter 13 case, rendering him unqualified to be a debtor under Chapter 13.[10] The facts of *Marrama* were summarized by the court as the following:

> "Marrama misrepresented the value of his Maine property and that he had not transferred

---

[6] HR Rep No. 595, 95th Cong, 1st Sess 380 (1977); S Rep No. 989, 95th Cong, 2d Sess 94 (1978).

[7] *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007).

[8] *Id.* at 365-66.

[9] *Id.*

[10] *Id.*

3

it during the preceding year. Respondent DeGiacomo, the trustee of Marrama's estate, stated his intention to recover the Maine property as an estate asset. Thereafter, Marrama sought to convert the proceeding to Chapter 13, but the trustee and respondent bank, Marrama's principal creditor, objected, contending that the request to convert was made in bad faith and would constitute an abuse of the bankruptcy process."[11]

### IV. Analysis

Trustee argues that the Debtors' motion to convert their case to Chapter 13 is done in bad faith because it is done for the sole reason of thwarting any attempt by the Trustee to realize value for the Real Estate. The Trustee also argues that the Debtors' motivation for thwarting any sale of the real estate is due to the fact that the Real Estate was inherited by the Co-Debtor's father and has sentimental value to the Debtors. The Trustee paraphrases his argument as:

> "Simply put, the Debtors should not be permitted to switch their case to Chapter 13, when the facts suggest that a feasible plan is hopeless, and given the prime if not only reason for the proposed conversion of their case to Chapter is to shield the Real Estate from liquidation."[12]

Debtors argue they should be permitted to convert to Chapter 13 for several reasons. First, the Debtors qualify for Chapter pursuant to 11 U.S.C. § 109(e). Second, the motivation to prevent the liquidation of certain assets is not evidence of bad faith. Third, the Debtors have experienced an improved financial situation since filing for Chapter 7 relief and believe that a successful Chapter 13 plan can be filed. Moreover and significantly, Debtors maintain that their conduct does not even come close to the misconduct and indicia of bad faith found in *Marrama*.

The law does not support the Trustee's argument for several reasons. For one generally speaking, a debtor may wish to file initially under chapter 13, or to convert from a chapter 7 to a chapter 13, for any of the following reasons:

[T]he existence of one or more claims excepted from the operation of a chapter 7 discharge; the desire of the debtor to redeem collateral, and the inability to do so in a lump sum payment; *existence of nonexempt property which the debtor desires to retain*; the unavailability of a chapter 7 discharge; or the need to protect a codebtor. In any of these or similar situations, a conversion motion can be filed converting the [chapter 7] case to one under chapter 13.[13]

Additionally, the Trustee does not cite any case law or statute in which the Debtor's

---

[11] *Id.* at 365.

[12] Trustee's Objection To Motion To Convert, paragraph 5.

[13] *6 Collier Bankruptcy Practice Guide* P101.08 at 101-27, 101-28 (Lawrence P. King, et al. eds., 15th ed. 1996).

motivation to keep property for sentimental reasons is cause for bad faith.

Furthermore, the Debtors' conduct in the current case does not rise to the level of misconduct that took place in *Marrama*. In *Marrama*, the debtor listed his house as having a value of zero, while the house actually had substantial value. Also, the debtor in *Marrama* transferred the house to a trust with the admitted intention of protecting his property from creditors. Here, Debtors did, initially and voluntarily, disclose their ownership interest in the Real Estate in their Schedule A, and listed their interest at $181,666. The Debtors have made no attempt to hide this asset, and although it's disputed, the fact that the Debtors disclosed there was an interested buyer to the Trustee cuts against the Trustee's bad faith argument.

### V.     Conclusion of Law

Under the Debtors' particular circumstances and in accord with the general principle that honest debtors should be given an option to repay their creditors and protect property according to applicable law, Debtors have the right to convert their Chapter 7 case to a Chapter 13 case pursuant to 11 U.S.C. § 706. Debtors' conduct does not rise to the level of bad faith that took place in *Marrama*.

### VI.    Order

Based on the foregoing,

IT IS THEREFORE ORDERED that the Debtors' Motion For Voluntary Conversion From Chapter 7 To Chapter 13 Bankruptcy is **GRANTED**.

IT IS THEREFORE ORDERED that the Trustee's Objection To Motion To Convert is **OVERRULED**.

Dated this 26th day of July, 2011.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge